

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DICKEY ROLAND COUCH, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-935-A |
| | § | |
| PHH MORTGAGE CORPORATION, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants, PHH Mortgage Corporation ("PHH") and The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for NovaStar Mortgage Funding Trust, Series 2005-4 Novastar Home Equity Loan, Asset-Backed Certificates, Series 2005-4 ("Trustee Bank"), for judgment on the pleadings. Plaintiffs, Dickey Roland Couch ("Dickey") and Sharon Couch ("Sharon"), have failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiffs' Claims

The operative pleading is plaintiffs' amended complaint filed December 19, 2019. Doc.[1] 13. In it, plaintiffs allege:

---

[1] The "Doc. __" reference is to the number of the item on the docket in this civil action.

They are husband and wife and own property described as 9845 Ray White Road, Keller, Texas (the "property"). On or about September 23, 2005, Dickey signed a Texas home equity note and both of them signed a deed of trust to secure repayment of the note. Trustee Bank is the owner and holder of the note and deed of trust. PHH is the servicer. On July 7, 2014, plaintiffs filed suit against Trustee Bank and the previous loan servicer, which was removed to this court where it was assigned Civil Action No. 4:14-CV-614-A. The defendants in that action filed a counterclaim. Ultimately, the court granted judgment in favor of the defendants allowing them to proceed with foreclosure of the security interest in the property. On March 1, 2016, Sharon filed a Chapter 13 bankruptcy proceeding. On January 10, 2017, the bankruptcy court granted relief to Trustee Bank from the stay, and, on January 23, 2017, dismissed the bankruptcy. On June 5, 2017, plaintiffs filed another lawsuit against the Trustee Bank and previous loan servicer to stop a foreclosure. The parties engaged in extensive loss mitigation discussions, believing that they had a deal. Plaintiffs dismissed the lawsuit. On December 12, 2018, plaintiffs provided requested information, along with a request for waiver of a certain condition, to the servicer but never received a response. On or about September 11, 2019, PHH's counsel sent a notice of default

and intent to accelerate, which was virtually identical to the notice sent in 2014, the subject of No. 4:14-CV-614-A. By letter dated October 7, 2019, defendants' counsel notified plaintiffs that the notice of default had been sent in error and that defendants intended to execute on the 2015 judgment. On or about October 15, 2019, plaintiffs received a notice of foreclosure and notice of posting of the property for sale. They filed this lawsuit in state court to stop the foreclosure. The state court signed a temporary restraining order and the sale did not take place. Defendants removed the lawsuit to this court and filed a counterclaim seeking to proceed with the foreclosure.

Plaintiffs assert two causes of action. They contend that defendants have violated the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. §§ 2601-17 ("RESPA"), as amended, by failing to respond to their December 12, 2018 communication to the previous loan servicer. They also assert a cause of action for breach of contract, contending that the terms of RESPA were incorporated into the deed of trust and the violation of RESPA constitutes breach of contract.

II.

Grounds of the Motion

Defendants maintain that plaintiffs have failed to state a plausible claim for relief because they have not sufficiently

3

alleged damages; one of the provisions they seek to enforce does not allow a private right of action; they do not sufficiently allege the correspondence at issue is a qualified written request (QWR") under RESPA; and, their dual-tracking claim fails because they admit that Trustee Bank satisfied statutory loss mitigation obligations by completing a loss mitigation review. Further, the breach of contract claim fails because it is dependent upon the RESPA claim upon which plaintiffs cannot prevail. Further, plaintiffs cannot state a plausible breach of contract claim based on attempted foreclosure because the foreclosure did not occur and they incurred no damages. Because the breach of contract claim fails, plaintiffs cannot obtain declaratory relief.

III.

Applicable Legal Principles

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. A motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Hebert Abstract Co. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990).

Such a motion is reviewed under the same standard as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, that is, whether the complaint provides enough facts to state a claim to relief that is plausible on its face. Jebaco, Inc. v. Harrah's Operating Co., 587 F.3d 314, 318 (5th Cir. 2009); Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008).

IV.

Analysis

Plaintiffs' RESPA claim is based on the alleged failure of defendants to respond to their December 12, 2018 communication related to a loss mitigation request. In order to state a RESPA claim, plaintiffs must allege specific actual damages resulting from the violation. Whittier v. Ocwen Loan Servicing, L.L.C., 594 F. App'x 833, 836 (5th Cir. 2014); Smith v. JPMorgan Chase Bank, N.A., 519 F. App'x 861, 864 (5th Cir. 2013); Kareem v. Am. Home Mortg. Servicing, Inc., 479 F. App'x 619, 620 (5th Cir. 2012). Here, plaintiffs have not described any damages at all. Indeed, it does not appear that they could allege damages inasmuch as they still inhabit the property.

Plaintiffs refer to 12 C.F.R. § 1024.35, Doc. 1 at 12, ¶ 27, but it does not appear that the provision provides for a private right of action. See Doc. 47 at 8-9 (citing cases). In

any event, plaintiffs have not pleaded facts to show that their December 12, 2018 communication met the requirements of a QWR or that they were harmed by the failure to respond. Parker v. Wells Fargo Bank, N.A., 655 F. App'x 993, 997 (5th Cir. 2016). As best the court can tell, the communication related to a proposed short sale pursuant to settlement discussions.

Plaintiffs also refer to 12 C.F.R. § 1024.41, but they have not pleaded facts to show that the alleged violation concerned their first loss mitigation application. See Wilson v. deutsche Bank Tr. Co. Americas, No. 3:18-CV-0854-D, 2020 WL 570915, at *4 (N.D. Tex. Feb. 5, 2020). A servicer is only required to comply with the requirements of § 1024.41 once. 12 C.F.R. § 1024.41(i). The facts pleaded by plaintiffs show that they were approved for a short sale—in other words, a review occurred—but wanted to amend the alleged agreement by requesting a waiver of one of the terms.

Plaintiff's breach of contract claim is dependent upon the viability of their RESPA claims, which fail for the reasons discussed. Even if they could allege a RESPA claim, however, the deed of trust does not expressly incorporate RESPA into its terms. See Smith, 519 F. App'x at 864. The deed of trust simply says it is to be governed by federal law and the laws of Texas and that the parties' rights and obligations are subject to any

6

requirements of "Applicable Law." Doc. 48 at 16, ¶ 15. "Applicable Law" is defined generically as "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and order (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." Id. at 9, ¶ (J). The deed of trust does not say that a violation of RESPA is a violation of the deed of trust. And, plaintiffs have not alleged any specific damages incurred even had there been a RESPA violation that amounted to a breach of contract. Again, plaintiffs still have possession of the property. Burnette v. Wells Fargo Bank, N.A., No. 4:09-CV-370, 2010 WL 1026968, at *2-3 (E.D. Tex. Feb. 16, 2010); Peterson v. Black, 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998, no pet.).

Inasmuch as plaintiffs have not stated a claim for breach of contract, their request for declaratory judgment likewise fails. Wigginton v. Bank of New York Mellon, No. 3:10-CV-2128-G, 2011 WL 2669071, at *5 (N.D. Tex. July 7, 2011).

V.

Order

The court ORDERS that defendants' motion for judgment on the pleadings be, and is hereby, granted, and that plaintiffs'

7

claims against defendants be, and are hereby, dismissed with prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiffs' claims.

SIGNED January 20, 2021.

_____
JOHN McBRYDE
United States District Judge

8